Henry THOMPSON, Petitioner—
Appellant,

v.

Cheryl PLILER, Warden, Respondent—
Appellee.

No. 08–15978.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2009.

Filed July 31, 2009.

Janice M. Lagerhoff, Federal Public Defender, San Francisco, CA, for Petitioner–Appellant.

Morris Beatus, Esquire, Peggy S. Ruffra, Esquire, AGCA–Office of the California Attorney General, Arthur Paul Beever, Deputy Attorney General, California Department Of Justice, San Francisco, CA, for Respondent–Appellee.

Before: D.W. NELSON, W. FLETCHER and PAEZ, Circuit Judges.

## MEMORANDUM *

Henry Thompson was convicted in California state court of burglary, robbery, forcible oral copulation, and false imprisonment. Thompson's first trial for these crimes ended in a hung jury, but the jury at his second trial voted to convict. He appealed his convictions, making two arguments that are relevant to this appeal. First, he argued that his due process rights had been violated by the state trial judge's failure to order *sua sponte* a competency evaluation. Second, he argued that his rights under the Confrontation Clause of the Sixth Amendment had been violated when the trial judge limited his cross-examination of the victim. The state appellate court rejected both arguments. Thompson then filed a petition for writ of habeas corpus in federal district court, making the same arguments. The district court denied the petition, finding that the state court's opinion was not contrary to, or an unreasonable application of, binding Supreme Court law. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## 1. Due Process

A judge's obligation to order a competency hearing in criminal cases derives from *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), and *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). In *Drope,* the Supreme Court explained that the evidence in front of the trial judge "created a sufficient doubt of [the defendant's] competence to stand trial to require further inquiry on the question." *Id.* at 180, 95 S.Ct. 896. The test for such a "sufficient doubt" has been explained in this circuit as "whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *de Kaplany v. Enomoto,* 540 F.2d 975, 983 (9th Cir.1976) (en banc).

Thompson argues that two reports he submitted to the trial judge, one by Dr. Dale Watson and the other by Dr. Timothy Derning, created a sufficient doubt as to his competency. The state appellate court disagreed. First, as to Dr. Derning's report, the state court noted that the report was not submitted to the trial judge until after sentencing. Since the report was not brought to the trial judge's attention before judgment, the appellate court concluded it could not have obligated the trial judge to order a competency hearing. The Ninth Circuit has for many years held that the only evidence relevant to the *Drope* analysis is evidence that is before the trial court prior to sentencing. *See, e.g., Blazak v. Ricketts,* 1 F.3d 891, 898 (9th Cir. 1993). The state court's essentially identical holding is therefore neither contrary to, nor an unreasonable application of, binding Supreme Court law.

■ Second, the state court concluded that Dr. Watson's report, on its own, was not sufficient to create a sufficient doubt as to Thompson's competency. That report, while not addressing the question of competency, described Thompson's mild retardation in general terms. The Supreme Court has never held that evidence of mild mental retardation is sufficient to require a trial judge to order a competency hearing. Indeed, we have noted that "[i]ncompetence and mental retardation are overlapping but distinct categories." *Rohan ex rel. Gates v. Woodford,* 334 F.3d 803, 810 n. 3 (9th Cir.2003). The state court's conclusion that evidence of mild retardation was not sufficient to require a competency hearing was not an unreasonable application of Supreme Court law. Thompson's argument therefore must fail.

## 2. Confrontation Clause

Next, Thompson argues that his Sixth Amendment right to confront witnesses against him was violated by the trial court's refusal to permit his preferred line of questioning during cross-examination of the victim. Thompson wanted to ask the victim if she had changed her testimony so as to ensure a conviction in Thompson's second trial after his first trial ended in a hung jury. The trial judge, however, ordered the attorneys on both sides to refer to the prior trial only as a "hearing," and not to discuss the outcome of that trial. Thompson was still able to impeach the witness with her prior testimony, but was prevented from fully exploring the context of that testimony.

■ The state trial court's limitation on cross-examination did not violate Thompson's confrontation rights. The Supreme Court has explained that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The trial judge's limitations in this case were reasonable. First, although Thompson's attorney was prevented from discussing the nature and outcome of the prior "hearing," he was still permitted to fully explore the inconsistencies in the victim's testimony. The trial judge was likely concerned that informing the jury that a prior jury had been unable to reach a verdict might have skewed their deliberations. This was a reasonable concern, and the trial judge's narrow limitation of cross-examination was justified. Second, the victim herself mistakenly referred to the prior "hearing" as a trial, and thereby inadvertently informed the jury that Thompson had previously been tried. Therefore, even if the trial judge's limitation had been overbroad, which it was not, the victim's testimony would have rendered it harmless.

## 3. Conclusion

Because the state court's ruling was neither contrary to, nor an unreasonable application of, binding Supreme Court law, Thompson's petition must be denied. The judgment of the district court is therefore **AFFIRMED.**